**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**TYRONE L. SMITH,**

    **Plaintiff,**

**vs.**　　　　　　　　　　　　　　**CASE NO.: 4:22-CV-00428-MW-MAF**

**GOVERNOR RON DESANTIS,
Et al.,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff, Tyrone L. Smith, a prisoner proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983, which the Court screened and found legally insufficient. ECF No. 1. The Court ordered Plaintiff to amend by January 17, 2023. ECF Nos. 6. The Court also ordered Plaintiff to submit the IFP motion and account statement or, alternatively, to pay the filing fee. Id. As of the drafting of this Report, Plaintiff has not complied with the Court's order. For the reasons stated below, the complaint should be dismissed without prejudice and the case closed.

**I.   Initial Screening per 28 U.S.C. § 1915(e)(2)(B) and 1915A(b)**

Because Plaintiff is a prisoner, his complaint requires a preliminary review and initial screening 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

Pursuant to the statutes, the Court must dismiss a prisoner's complaint, or any portion thereof, if it is frivolous, malicious, fails to state a claim or seeks damages from defendants who are immune. A claim is frivolous, and must be dismissed, when it "lacks an arguable basis either in law or in fact." Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008). A district court also may dismiss a complaint if the facts as pled do not state a claim for relief that is plausible on its face. Sinaltrainal v Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). A *pro se* litigant's allegations are entitled to the benefit of liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, a court does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action." GJR Invs. v. Cty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir.1998) (overruled on other grounds by Iqbal, 556 U.S. at 662).

"Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id. Conclusory allegations that "amount to nothing more than a formulaic recitation of the elements of a constitutional . . . claim" are "not entitled to be assumed true." Iqbal, 556 U.S. at 681. To escape dismissal, the complaint

must allege facts sufficient to move claims "across the line from conceivable to plausible." Id. "The plausibility standard is met only where the facts alleged enable 'the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.' . . . The complaint's allegations must establish 'more than a sheer possibility that a defendant has acted unlawfully.'" Franklin v. Curry, 738 F.3d 1246, 1251 (11th Cir. 2013) (quoting Iqbal, 556 U.S. at 678).

## II.  Plaintiff's Complaint, ECF No. 1.

Plaintiff's complaint is not on the proper form. Plaintiff sues Ron DeSantis, Governor of Florida; Joe Biden, President of the United States; and Attorney General Merrick Garland, all in their individual capacities, and states that he presents his claims against state actors under Section 1983 and as a Bivens action against the federal officials. ECF No. 1, p. 1. The Complaint is no model of clarity.

As best can be determined, Plaintiff claims that, in 2015, he pursued relief under Florida's rules of executive clemency; but, in 2021, Governor DeSantis refused to review his application. Id., pp. 2, 5. Plaintiff maintains that when he was arrested, he did not receive a mandatory psychological evaluation. Id. He claims his arrest, prosecution, and imprisonment are all illegal. Id., p. 5. It seems that Plaintiff's claims against the defendants are

based on their refusal to assist in overturning his conviction and investigating his allegations of prison abuse. See generally, ECF No. 1.

Plaintiff presents general, yet disturbing, allegations of prison abuse, particularly, since he identifies himself as "a federally registered mental patient" under "the Social Security Admin[istration]." Id. Transferred "from prison to prison" (nine transfers in seventeen months), Plaintiff alleges he is routinely placed in confinement units and is set up by prison officials to be stabbed by gang members. Id., pp. 2-4. Plaintiff claims he is regularly threatened with- and placed in confinement to intimidate him and as an attempt to kill him; still, his claims lack proper factual detail. Id., pp. 3-4. It is unclear whether abuses occurred at the time Plaintiff initiated this case. Id., pp. 3-4. Plaintiff claims that he is imminent danger of serious physical harm because he is in crisis stabilization for suicide attempts and self-harm. Id., p. 4. The alleged beatings, tampering with his food, and "threat[s] to put [him] in a casket" if he ever leaves his cell have aggravated Plaintiff's mental health condition to the point where he is suicidal.

Plaintiff alleges that he has attempted to resolve these matters by filing prison grievances and appealing to state and federal courts and the Defendants directly to no avail. Id., pp. 2-3. All authorities have refused to intervene, ignored Plaintiff's letters, and denied him due process under the

Case No.: 4:22-CV-00428-MW-MAF

Fourteenth Amendment. Id., p. 3. As relief, Plaintiff seeks $300,000 in monetary damages from each defendant; emergency injunctive relief in the form of a transfer to a mental health facility, which the court liberally construes as a request for proper mental health care; and a criminal investigation into the circumstances involving his illegal arrest, prosecution, and false imprisonment. Id., p. 5. The complaint is legally insufficient.

### III.  Shotgun Pleadings are Not Permissible

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quotation marks and alterations omitted). "Further, the allegations in the complaint 'must be simple, concise, and direct,'" Fed. R. Civ. P. 8(d)(a), and the complaint must 'state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances,' Fed. R. Civ. P. 10(b)." LaCroix v. W. Dist. of Ky., 627 F. App'x 816, 818 (11th Cir. 2015).

"A 'shotgun pleading' - one in which 'it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief'— does not comply with the standards of Rules 8(a) and 10(b)." Id. (citations

omitted). The Eleventh Circuit "has repeatedly condemned shotgun pleadings." Id. (citing PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V., 598 F.3d 802, 806 n.4 (11th Cir. 2010)). Vague pleadings which assert legal conclusions rather than facts violate Rule 8 and are insufficient to proceed.

The Eleventh Circuit has identified four rough types or categories of shotgun pleadings. See Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1321-23 (11th Cir. 2015) (citations omitted). The most common type is "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." Id. at 1321. Next, is a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." Id. at 1322. The third type of shotgun pleading does not separate "into a different count each cause of action or claim for relief." Id. at 1323.

"Fourth, and finally, there is" the pleading which asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." Id. "The unifying characteristic . . . is that they fail to one degree or another, and in one way or another, to give

the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Id.

Plaintiff's complaint is the quintessential shotgun pleading. Plaintiff provides only legal conclusions. In fact, Plaintiff's allegations of prison abuse, threats, and denial of care are not attributable to any named defendant. Plaintiff cannot simply "plead the bare elements of [a] cause of action," he must provide facts, which presents a "plausible claim for relief" to survive a motion to dismiss. See Randall v. Scott, 610 F.3d 701, 708-09 (11th Cir. 2010). Legal conclusions are insufficient. The Court provided ample time for Plaintiff to amend his complaint. However, at the time of the drafting of this Report, Plaintiff has not done so.

## IV.   Failure to Comply with Court Orders, Fed. R. Civ. P. 41(b)

The Eleventh Circuit has explained that "[a] district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)). Such authority includes the power to dismiss a case for failure to prosecute or for failure to comply with a court order under Fed. R. Civ. P. 41(b). Id.

Case No.: 4:22-CV-00428-MW-MAF

Dismissal of the complaint is warranted under Rule 41(b). "The legal standard to be applied under Rule 41(b) is whether there is a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985) (internal quotes omitted); accord. Gratton v. Great American Communications, 178 F.3d 1373, 1374 (11th Cir. 1999). The Court cannot proceed with a complaint which amounts to a shotgun pleading where Plaintiff has failed to amend his complaint in accordance with the Court's order. Furthermore, Plaintiff did not file the IFP motion along with his inmate account statement detailing all transactions for the past six months or pay the $402 filing fee. See ECF No. 6. These were due by **January 17, 2023**.

It is worth noting, that the Court recognized Plaintiff is a "three striker" under the Prison Litigation Reform Act and warned him, if he could not satisfy the imminent danger exception, he was required to pay the filing fee at the initiation of this case. ECF No. 6. Plaintiff ignored the Court's order. The Court advised Plaintiff that failure to follow Court orders would result in a recommendation of dismissal. Id.

## V.   Conclusion and Recommendation

It is respectfully **RECOMMENDED** that Plaintiff's complaint, ECF No. 1, be **DISMISSED** without prejudice for failure to comply with court

orders pursuant to Fed. R. Civ. P. 41(b) and N.D. Fla. L. R. 41.1 See also Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) ("While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."). Finally, it is also recommended that the case be **CLOSED**.

**IN CHAMBERS** at Tallahassee, Florida on January 30, 2023.

s/ Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).