IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

TYRONE L. SMITH,

    *Plaintiff*,

v.     Case No.: 4:22cv428-MW/MAF

GOVERNOR RON
DESANTIS, et al.,

    *Defendants*.

_____/

## ORDER ACCEPTING REPORT AND RECOMMENDATION

This Court has considered, without hearing, the Magistrate Judge's Report and Recommendation, ECF No. 7. This Court has also considered the Magistrate Judge's Order striking ECF No. 8 as an improper pleading, which was docketed simultaneously with this Court's Order to review ECF No. 8 to determine if it alters the substance of the Report and Recommendation. Finally, this Court has also reviewed *de novo* Plaintiff's filing titled "Exceptional Circumstances of Life Endangerment, Conspiracy to Harm/Murder Falsely Imprisoned Mental Patient Inmate for the Fla. Dept. of Corrections," ECF No. 11, which this Court construes as objections to the Report and Recommendation, or in the alternative, as a motion for temporary restraining order.

The Magistrate Judge reports that Plaintiff's complaint is a quintessential shotgun pleading. In addition, he recommends dismissal because Plaintiff has failed to comply with Court orders to amend his complaint and to file an IFP motion along with his inmate account statement detailing all transactions for the past six months or pay the $402 filing fee. The Magistrate Judge reports that Plaintiff is a "three-striker" and cannot proceed *in forma pauperis* unless he has satisfied the imminent danger exception.

Plaintiff's most recent filing, ECF No. 11, (construed liberally as objections to the Report and Recommendation) includes a meandering account of grievances with Plaintiff's custody and mental health treatment over the past several years; however, he does not provide any basis for this Court to find that he is currently in imminent danger as related to the claims he has alleged in his shotgun pleading, nor has he asserted anything that calls the Report and Recommendation into question.

Liberally construing ECF No. 11 as a motion for temporary restraining order, this Court concludes that the motion is due to be **DENIED**. Under Rule of Civil Procedure 65(b)(1)(A), a court may issue a temporary restraining order only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss or damage will result to the movant before the adverse party can be heard in opposition." For Plaintiff to be entitled to a temporary restraining order, he must show "(1) a substantial likelihood of success on the merits;

(2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the [defendants]; and (4) that entry of the relief would serve the public interest." *Schiavo ex rel. Schindler v. Schiavo*, 403 F. 3d 1223, 1225-26 (11th Cir. 2005). While all of these elements must be established, none is controlling. Here, among other things, Plaintiff has failed to show a substantial likelihood of success on the merits.

Accordingly,

**IT IS ORDERED**:

The report and recommendation, ECF No. 7, is **accepted and adopted**, over the Plaintiff's objections, as this Court's opinion. The Clerk shall enter judgment stating, "Plaintiff's complaint, ECF No. 1, is **DISMISSED without prejudice** for failure to comply with court orders pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 41.1." The Clerk shall close the file.

**SO ORDERED on February 23, 2023.**

s/Mark E. Walker
**Chief United States District Judge**